### GEORGE MONTALVO v. THE STATE.

Where the evidence shows that at most the defendant has been guilty of a violent assault, and yet the jury found that he was guilty of an assault with intent to murder, the court should have granted a new trial.

If there be any fact in the evidence which is brought before us for revision from which a jury may reasonably draw the inference of the guilty intent charged, this court is never disposed to disturb the verdict of a jury. But if a case be wholly barren of every such fact, it is our duty to set aside all such findings.

APPEAL from Cameron. The case was tried before Hon. EDWARD DOUGHERTY, one of the district judges.

The case turned upon the facts. The proof was that the accused came home drunk and ordered the injured woman to make some coffee. She replied that she had no water; thereupon the accused flew at her with a knife. In trying to disarm him, she got her hand cut; and, she falling down, the accused cut off some of her hair. There seemed to be no effort to kill. Certainly there was opportunity. The defendant was found guilty of assault with intent to murder, and his punishment assessed at two years in the penitentiary. He appealed.

*Israel B. Bigelow*, for appellant.

No brief for the State has been furnished to the *Reporter*.

LINDSAY, J.—The appellant was indicted, tried, and convicted for an assault with intent to kill. The statement of facts is exceedingly meagre; and if all the facts proved upon the trial are embraced in the statement, it is difficult to perceive from what circumstances stated the jury could

come to the conclusion that the assault was made with intent to kill. If there be any fact in the evidence which is brought before us for revision from which a jury may reasonably draw the inference of the guilty intent charged, this court is never disposed to disturb the verdict of a jury. But if a case be wholly barren of every such fact, it is our duty to set aside all such findings. There is not a single circumstance developed by the testimony in this case to show that it was the intent of the accused to kill in the assault which he made. The evidence might have warranted a verdict of "not guilty" of the assault with intent to kill, but "guilty" of an aggravated assault. Beyond this, upon the evidence, the jury had no right to go. The judgment is reversed, and a new trial awarded.

Reversed and remanded.